2010 Ark. App. 255

**John T. PAYNE II, Appellant**

v.

**Keith DONALDSON, d/b/a Donaldson Wrecker Service, Appellees.**

**No. CA 09–792.**

Court of Appeals of Arkansas.

March 17, 2010.

Rehearing Denied April 21, 2010.

John Frank Gibson, Jr., Monticello, for appellant.

Clifford Paul Block, Little Rock, for appellees.

ROBERT J. GLADWIN, Judge.

Appellant John T. Payne II brings this second appeal [1] before the court challenging various orders entered by the Chicot County Circuit Court, including the final order awarding appellee $11,410.15, the order denying appellant's motion for a new trial, and the order granting attorney's fees in the amount of $10,156.04 in favor of appellee. Appellant contends that the trial court erred in (1) finding that appellee had a possessory lien in appellant's property; (2) awarding a monetary judgment to appellee; (3) denying appellant's motion for new trial; and (4) awarding attorney's fees and costs in favor of appellee. We affirm in part, reverse and dismiss in part, reverse and remand in part, and deny appellant's motion to strike appellee's alternative statement of the case.

This case concerns the attempted recovery of a 2004 Yamaha Grizzly 660 four-wheeler (hereinafter "ATV") by appellant from appellee Keith Donaldson d/b/a Donaldson Wrecker Service. This ATV was towed on July 19, 2006, and stored by appellee at the request of the Chicot County Sheriffs Department in a stolen-property case, after it was recovered during the course of a marijuana-eradication project. The ATV had previously been stolen while

---

1. The first appeal was dismissed for lack of a final order. *See Payne v. Donaldson,* CA08–105, 2008 WL 4724100 (Ark.App. Oct. 22, 2008) (unpublished). Additionally, appellant has filed a motion to strike appellee's alternative statement of the case on the basis that it is not concise and is argumentative.

being stored on the property of John F. Gibson III. Appellee refused to release the ATV prior to full payment for what it believed it was owed for towing and storage services and asserted a possessory lien for services rendered.

The essential question at the trial court level was the reasonable number of days owed for storing. In earlier proceedings not challenged on appeal, the trial judge in Chicot County Circuit Court determined that $250.00 was owed for towing, and $25.00 per day was owed for storage. Those rates were never a contested issue and were finalized in an order entered in May 2007. In June 2007, appellant tendered $325.00, representing $250.00 for towing and $75.00 for three days' storage, for which he received credit but not possession of his ATV.

The parties returned to court, arguing their respective positions on the number of days of storage due. Appellant conceded that he owed a minor amount for the recovery and storage of his ATV until he was notified, but he disagreed that the amount accrued under the daily rate was proper. Appellant's attorney argued that, at most, appellant would owe towing and up to eight days of storage. Appellee would not release the ATV, asserting that it was due to be paid for every day that storage services were rendered; in the alternative, appellee asked that it be granted permission to publicly sell the ATV in an effort to collect on its lien and seek the remainder from appellant.

After a hearing on August 8, 2007, the judge found in favor of appellee, entering judgment for a total of $10,636.25, plus $27.57 per day until appellant claimed the ATV or it was disposed of at sale. The judgment further provided that

> [Appellant] shall have thirty (30) days from the date of entry of this order to reclaim the ATV, and that if [appellant]

has not reclaimed the ATV by that date, [appellee] shall cause a notice of public sale to be published one (1) time in a newspaper of general circulation in Chicot County, Arkansas and sell no later than 45 days following the entry of this order the ATV at public sale for cash. [Appellee] shall be allowed to bid on the ATV at the sale should he desire. Following the sale of the ATV, [appellee] shall deduct expenses necessary for publication and other sale costs from the proceeds of the sale, applying any amount above in excess of such expenses to the outstanding balance of the judgment set forth herein.

The judgment was filed on August 29, 2007. Appellant filed a motion for new trial, to which appellee replied, and the motion was denied by the trial court. The motion for new trial focused on the perfection of appellee's lien concerning proper notice, or lack thereof. A timely notice of appeal followed that denial.

In the initial appeal, appellant asserted that the trial court erred as a matter of law because, absent timely written notice with proper information, appellee was not entitled to a judgment against him; that basic fairness would prevent the owner of a stolen vehicle from being saddled with an exorbitant storage charge; and that the trial court abused its discretion in denying his motion for new trial because he was denied a fair opportunity at trial to develop the lack-of-statutory-notice issue. On October 22, 2008, this court dismissed the appeal for lack of a final order because the amount appellant would owe under the judgment was uncertain inasmuch as the number of days elapsing before appellant reclaimed the ATV was not known, whether appellant would reclaim at all was not known, and the publication costs and other costs of attempting to sell the ATV were unknown. The August 29, 2007 judgment

contemplated future action to arrive at a certainty of the judgment amount that was simply too tenuous to be a final judgment for purposes of appeal.

Subsequently, the trial court determined appellant had not claimed the ATV as provided in the previous order and that it had been sold on October 16, 2007, for $500.00. A final order dated March 9, 2009, entered judgment against appellant in the amount of $11,410.15. On the same date, appellee filed a motion for attorney's fees and costs. Appellant filed a response on March 16, 2009, and appellee filed a reply on March 23, 2009.

On March 12, 2009, appellant filed a motion for a new trial, and appellee filed a response on March 23, 2009. The trial court took no action on the motion; accordingly, it was deemed denied on April 11, 2009. Appellant then filed a notice of appeal from the March 9, 2009 final order on April 15, 2009, and an amended notice of appeal on April 22, 2009, that specifically included the denial of the motion for a new trial.

An order awarding attorney's fees and costs in favor of appellee in the amount of $10,156.04 was filed on April 22, 2009, and appellant filed a second amended notice of appeal on May 7, 2009, that added the order granting attorney's fees and costs. This appeal followed.

*Discussion*

## I. Trial Court's Finding That Appellee Had a Possessory Lien in Appellant's ATV

Appellant maintains that the trial court's finding that appellee was entitled to retain possession of appellant's ATV by virtue of a possessory lien without the required statutory notice is an erroneous interpretation of the law. He asserts that the applicable standard of review is found in *Davis v. Little Rock School District,* 92 Ark.App. 174, 211 S.W.3d 587 (2005), in which this court stated that if the law has been erroneously applied and the appellant has suffered prejudice, the trial court's erroneous ruling will be reversed. When a circuit court's interpretation of the law is assigned as error on appeal, the trial judge's findings are given no deference. *See Bill's Printing, Inc. v. Carder,* 82 Ark. App. 466, 120 S.W.3d 611 (2003). Additionally, issues of statutory construction are reviewed de novo on appeal. *See Hartford Fire Ins. Co. v. Sauer,* 358 Ark. 89, 186 S.W.3d 229 (2004). Although the court is not bound by the decision of the trial court, unless it is shown that the trial court's interpretation was in error, this court should accept its interpretation on appeal. *See Hodges v. Huckabee,* 338 Ark. 454, 995 S.W.2d 341 (1999). However, as to any findings of fact made by the trial court, the standard of review is that the trial court's findings will not be set aside unless they are clearly erroneous. *Mathews v. Schumacher,* 2010 Ark. App. 155, 375 S.W.3d 31. A finding of fact is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed. *Id.*

Appellant submits that he commenced his action as directed by Arkansas Code Annotated section 27–50–1207(e)(4)(A) (Supp.2005), which provides:

> If the vehicle and its contents are subject to impoundment or seizure by law enforcement pursuant to the Arkansas Rules of Criminal Procedure or pursuant to an order by any court, Rule 15 of the Arkansas Rules of Criminal Procedure shall exclusively govern the release of the vehicle and its contents to the extent applicable.

Additionally, Arkansas Code Annotated section 27–50–1101(a)(3)(A) (Supp.2005) provides:

> Following removal of an abandoned vehicle or vehicle parked without authority, possession of the vehicle, notice requirements to owners and lienholders, and procedures for sale of unclaimed vehicles shall be governed by the provisions of §§ 27–50–1208—27–50–1210.

Appellant points out that testimony at the hearing on his motion revealed that after Mr. Gibson informed him that his ATV had been located, he contacted Captain Marvin Esters of the Dermott Police Department. Captain Esters instructed appellant to provide him proof of his ownership of the ATV, and appellant indicated that he faxed him a bill of sale. Testimony also indicated that Captain Esters delivered the copy to appellee and authorized the release of the ATV. Captain Esters then instructed appellant to contact appellee to make arrangements for reclaiming the ATV.

Appellant states that he first contacted appellee by telephone on August 17, 2006, at which time appellee disputed appellant's ownership of the ATV. Appellant called appellee again on September 6, 2006, and was informed that he would have to pay $1,831.50 for the towing bill and accumulated storage fees to recover the ATV.

Appellee testified that he towed the ATV at the request of the Dermott Police Department on July 19, 2006, and it is undisputed that appellant never challenged the towing bill of $250.00 and storage fee of $25.00 per day as unreasonable.

With those limited facts before it, the trial court interrupted the hearing on the basis of a scheduling conflict, and he directed the parties to try to agree on the facts. Each party then submitted a statement of material facts and a trial brief.

Appellant claims that appellee did not act in good faith after the ATV was identified as his instead engaging in a "stall tactic" and failing to comply with the notice requirements of Arkansas Code Annotated section 27–50–1208 (Supp.2005). That statute, entitled "Possessory Lien and Notice to Owners and Lienholder," sets forth the procedure for perfecting a possessory lien on an abandoned vehicle removed at the direction of law-enforcement officials, and provides in relevant part:

> (a)(1) The towing and storage firm shall have a first priority possessory lien on the vehicle and its contents for all reasonable charges for towing, recovery, and storage for which the owner is liable.
>
> . . . .
>
> (b) The lien shall be perfected by:
>
> . . . .
>
> (3) *In the case of a vehicle removed pursuant to § 27–50–1101,* giving notice to the last known registered owner or owners and lienholders as provided from the records of the:
>
> (A) Office of Motor Vehicle;
>
> (B) Arkansas Crime Information Center; or
>
> (C) If known, motor vehicle records of any other state where the vehicle's registration indicates the name and address of the last registered owner and the name and address of the holder of any recorded lien, if any, on the vehicle.
>
> (c)(1) The notice shall be *mandatory* and by certified mail, return receipt requested.
>
> (2) *The notice shall be posted not sooner than two (2) business days but within eight (8) business days after the date that the towing and storage firm receives the vehicle.*

. . . .

(d)(2)(A) For the purpose of notices required by this section, *if the data records of the Office of Motor Vehicle or the office of motor vehicles for the state where the vehicle is registered, if known, do not contain any information as to the last known registered owner or owners and lienholders,* notice by publication one (1) time in one (1) newspaper of general circulation in the county where the vehicle was found unattended, abandoned, or improperly parked is sufficient notice under this section.

(Emphasis added.) Because the ATV had been seized by law-enforcement officials and had been towed by appellee at the request of the Dermott Police Department, as per section 27–50–1101(a)(3), the provisions of section 27–50–1208 apply. It is clear from the record before us that appellee never perfected his lien as provided in the statute.

Appellant acknowledges that appellee may have a claim for reasonable towing charges, but argues that appellee had no right to detain the ATV without notice to the owner of the storage fees that were accruing on the vehicle and the consequences of not claiming it and paying the storage fees in a timely fashion, as required by section 27–50–1208. No alternative arrangements were made with appellant—as the owner of the ATV—or with his agent, to waive the required notice. Accordingly, appellant submits that the trial court should have ordered the return of the ATV to appellant and ordered him to pay the towing bill. Further, he submits that the trial court's conclusion that appellee had a possessory lien without complying with the mandatory notice requirements was erroneous.

The trial court determined that appellee held an absolute, first priority, possessory lien on the ATV for services rendered to law enforcement in recovering and storing the subject ATV under three different statutory provisions. Ark.Code Ann. § 18–45–201 (Repl.2003) (absolute lien for work, labor and storage on motor vehicles), § 18–48–402 (Repl.2003) (absolute lien for storage of motor vehicles), and § 27–50–1208 (first priority, possessory lien on vehicles towed at the direction of law enforcement), as well as Arkansas Code Annotated section 16–80–103 (Repl. 2005), pursuant to which the trial court conditioned the return of the ATV upon payment of necessary expenses incurred in the preservation of the property.

Pursuant to section 16–80–103(c), the controlling statute for the restoration of stolen property, it is mandatory that the seizing law enforcement agency hold the property with disposition as provided by statute. Once a petition has been filed pursuant to Arkansas Rule of Criminal Procedure 15.2, as was eventually filed by appellant, the statute provides that the court handling the matter, upon receiving proof of ownership, deliver the property "on the payment of necessary expenses incurred in the preservation thereof. . . ." Ark.Code Ann. § 16–80–103(e). Appellee maintains that the trial court correctly applied the statutes and found that pursuant to section 16–80–103, appellant was not entitled to obtain possession of the ATV until he paid appellee the full amount ordered by the trial court.

We hold that the lien available under section 27–50–1208 for towing and storage at the direction of law enforcement, being in the absence of a contract with the owner, can be perfected only by satisfying the notice requirements therein. Because it is clear that appellee failed to do so, we find that the trial court erred in finding that appellee was entitled to retain possession of appellant's ATV by virtue of

a possessory lien under this section without providing the required statutory notice.

■ However, appellant failed to specifically challenge the trial court's findings with respect to liens held pursuant to Arkansas Code Annotated sections 18–45–201 (Repl.2003), for work, labor, and storage on motor vehicles, and 18–48–402 (Repl. 2003), for storage of motor vehicles. Accordingly, while these provisions do not specifically govern the storage of vehicles towed at the direction of law enforcement, we are precluded from reviewing their applicability in the instant case. The trial court's finding that appellee had a possessory lien in appellant's ATV pursuant to sections 18–45–201 and 18–48–402 is affirmed.

## II. *Awarding of Monetary Judgment in Favor of Appellee*

On May 30, 2007, pursuant to appellee's motion, the trial court entered an order certifying the necessary expenses incurred in the preservation of the ATV and declaring that appellee had a possessory and absolute lien on that property, pending payment. The order also concluded that appellee had a possessory lien for the necessary expenses incurred in towing and preserving the ATV. As the parties had previously stipulated, the trial court found the $250.00 towing bill and $25.00 per day storage charge to be reasonable; however, the trial court failed to make a finding as to the number of days that were reasonable and necessary for storage. Appellant paid appellee with a $325.00 check dated June 7, 2007, for the towing bill plus three days' storage. Appellee accepted the check but refused to release the ATV, claiming that appellant's payment did not cover the amount that was due.

Subsequent to the May 30, 2007 order, appellee filed a counterclaim pursuant to Arkansas Code Annotated section 27–50–1204, for a monetary judgment against appellant for each and every day he stored the ATV, plus a request for an order from the trial court directing appellant to claim the ATV upon payment of the judgment, or in the alternative, for an order directing the sale of the ATV, with the proceeds to be applied against the judgment. Appellee then filed a motion for judgment on the pleadings.

Appellant argues that the trial court erred by awarding a monetary judgment against him. There was no dispute that appellant's ATV was stolen property at the time it was seized, and in making his ruling, the trial judge commented that there were no material differences of fact between the parties. In awarding the monetary judgment against appellant, the trial court concluded that Arkansas Code Annotated section 27–50–1204 (Supp.2005) applied, which provided in relevant part at that time:

> The owner of a vehicle and the person who left the vehicle unattended or abandoned or any owner or operator waiving an owner's preference shall be liable for all reasonable costs of towing, recovery, storage, and other incidental costs related to such a removal in excess of the proceeds of the sale of the vehicle.[2]

Appellant argues that this statute has no application to the owner of a stolen vehicle and is penal in nature. He claims that it would be absurd to penalize the owner of a stolen vehicle that is found wrecked and abandoned in the woods for making an unsuccessful attempt to reclaim his property.

---

**2.** In 2007, the language of this provision was slightly modified by Act 1053 of 2007; however, the towing of the ATV occurred in 2006, prior to the legislative change.

Because we find that appellee's lack of perfection of its lien under section 27–50–1208 precludes a finding of a possessory lien under that statute, we hold that trial court erred in holding that appellee was entitled to a monetary judgment in the amount of $11,410.15 pursuant to section 27–50–1204. We acknowledge, however, that pursuant to section 16–80–103(e), appellant was not entitled to possession of the ATV until he obtained an order from the trial court and paid the necessary expenses incurred in the preservation of the ATV. The remaining liens under sections 18–45–201 and 18–48–402 are governed by recovery provisions that are distinctly different than that found in section 27–50–1204. Instead of holding the owner responsible for any deficiency in the amount due after the proceeds from the vehicle are applied, the applicable statutes provide for the lienholder to sell the subject property "for satisfaction of the debt." Ark.Code Ann. §§ 18–45–203 and 18–48–403. Accordingly, we hold that appellee's liens under sections 18–45–201 and 18–48–402 were satisfied upon the receipt of the $500.00 generated from the sale of the ATV. Accordingly, we reverse and dismiss the trial court's monetary award of $11,410.15 pursuant to section 27–50–1204.

### III. *Denial of Appellant's Motion for New Trial*

Arkansas Rule of Civil Procedure 59 governs motions for new trial, and the trial court's power under the rule is necessarily broad and will not be disturbed on appeal in the absence of an abuse of discretion. *Johnson v. Truck Ins. Exch.*, 285 Ark. 470, 688 S.W.2d 728 (1985).

In the instant case, appellant filed two separate motions for new trial. The first was filed on September 10, 2007, following the entry of the August 8, 2007 order that granted summary judgment against him for $10,636.25 plus accrued storage at the rate of $27.57 per day thereafter. Subsection (b) of Rule 59 provides that a motion for a new trial shall be filed not later than ten days after the entry of judgment; accordingly, appellant's initial motion was timely filed. The trial court denied the motion in its order filed on September 24, 2007. Appellant filed a second motion for new trial on March 12, 2009, following the final order entered on March 9, 2009, asserting the same grounds as the initial motion—the early termination of the hearing and resulting lack of opportunity to cross-examine appellee.

Appellant contends that he was not afforded a fair opportunity to cross-examine appellee, which he maintains was basically unfair and deprived him of his fundamental right to a fair trial. Appellant notes that the trial judge interrupted the hearing and instructed the parties to try to agree on the facts. He asserts that this action materially affected his substantial rights to present his case, develop the facts, and argue the applicable law. He maintains that the parties' inability to agree on all the material facts prevented the trial judge from fully appreciating that, because of the lack of notice, the possessory lien claimed by appellee on the ATV was never perfected. As such, he contends that the trial court abused its discretion in denying the motions for new trial.

Appellee takes issue with appellant's contention that he was denied the opportunity to engage in cross-examination. From the record before us, it is clear that, although counsel for appellant indicated a desire to cross-examine appellee, she changed her mind when the trial court explained that there would have to be a continuance to accommodate that request. The trial court offered the parties an opportunity to come back on another date to continue the hearing, but they agreed in-

stead to move forward with briefing the matter and attempting to stipulate to the facts of the case within five days. The parties agreed to contact the trial court's offices within ten working days if unable to stipulate to the facts, and the record indicates that neither party requested the trial court to reset the matter for further testimony. Both parties filed their respective statements of facts and briefs. In response to appellant's pleadings, appellee filed a motion for summary judgment, to which appellant did not respond.

Appellee contends, and we agree, that appellant agreed to waive any further hearing by not requesting an additional hearing as proposed by the trial court, instead opting to submit the matter on briefs. Appellant failed to either respond to the motion for summary judgment or make a request pursuant to Arkansas Rule of Civil Procedure 56(f) for more time to submit further evidence. We hold that the trial court did not abuse its discretion in denying appellant's motion for new trial; accordingly, we affirm on this point.

### IV. *Award of Attorney's Fees and Costs*

■ An award of attorney's fees is reviewed under an abuse of discretion standard. *Hartsfield v. Lescher,* 104 Ark.App. 1, 289 S.W.3d 123 (2008). Attorney's fees are allowed only when expressly provided for by statute. *Id.*

After the initial pretrial hearing, appellee made his first specific request for attorney's fees in his motion for summary judgment. The trial court granted summary judgment, finding that appellee had a possessory lien on the ATV and ordered it to be delivered to ⌊15appellant, the owner, upon payment of towing fees of $250.00 and storage fees of $25.00 per day. Appellant paid that towing fee as ordered, plus storage fees for three days. Appellee next filed a counterclaim, seeking a monetary judgment in the amount of $25.00 per day for each day he stored the ATV and requesting an order directing appellant to claim his vehicle by paying the judgment, or in the alternative, to provide for the sale of the ATV to apply against the judgment. In that motion, as well as subsequent pleadings, appellee also specifically prayed for attorney's fees.

Appellant argues that this case involves a specialized proceeding authorized by the Arkansas Rules of Criminal Procedure for the return of seized property. He submits that there is no statute providing for attorney's fees in such proceedings.

The trial court found that appellee held various statutory possessory liens in the ATV, as indicated in its order of May 30, 2007. Later, the trial court found appellant liable *for all reasonable costs of towing and storage* under its interpretation of section 27–50–1204. Appellant asserts that neither of those theories of recovery involves an action covered under Arkansas Code Annotated section 16–22–308 (Repl. 1999), which generally allows attorney's fees in cases involving contracts. Appellant urges that the statute has no application to an action to recover on a statutory lien or a liability imposed by statute. *See Westside Galvanizing Servs., Inc. v. Georgia–Pacific Corp.,* 921 F.2d 735 (8th Cir. 1990). Appellant maintains that the award of attorney's fees in this case was a clear abuse of discretion.

Appellee contends that appellant errs in his assertion that because this matter was initially a proceeding for the return of seized property, attorney's fees are not available on the ⌊16final judgment. Appellee references the counterclaim pursuant to which the monetary judgment was awarded, stating that it was a civil claim for recovery for services rendered.

Section 16–22–308 provides that

*[i]n any civil action to recover* on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or *for labor or services,* or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

(Emphasis added.) *See also Love v. Smackover Sch. Dist.,* 329 Ark. 4, 946 S.W.2d 676 (1997) (holding that a claim for "labor or services" is within the meaning of the statute); *City of Ft. Smith v. Driggers,* 305 Ark. 409, 808 S.W.2d 748 (1991) (recognizing attorney's fees are recoverable under section 16–22–308 for labor and services just as they are recoverable for claims of *quantum meruit* for labor and services).

Appellee questions appellant's reliance on *Westside, supra,* and maintains that it is not on point because it was an action to enforce a materialman's lien and claims of unjust enrichment and detrimental reliance instead of an action for the recovery for "labor and services" provided. Here appellee rendered labor and services in recovering and storing the ATV, and appellee was the prevailing party in a civil action to recover for the labor and services provided.

We hold that an award of attorney's fees was authorized by the statute, and acknowledge that appellant failed to object to the reasonableness of the fees requested by appellee. However, based upon our holding that appellee's liens under sections 18–45–201 and 18–48–402 were satisfied upon the receipt of the $500.00 generated from the sale of the ATV and our reversal of the trial court's monetary award of $11,410.15 pursuant to section 27–50–1204,

we reverse and remand the issue of attorney's fees for reconsideration of an award consistent with this opinion.

Affirmed in part, reversed and dismissed in part, reversed and remanded in part; and appellant's motion to strike appellee's alternative statement of the case denied.

KINARD and GLOVER, JJ., agree.