2010 Ark. App. 493

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellant**

v.

**Rebecca B. KROUSE, Appellee.**

**No. CA 09–1264.**

Court of Appeals of Arkansas.

June 16, 2010.

Eric G. Hughes, Hughes & Hughes Law Firm, Arkadelphia, for appellant.

Floyd M. Thomas Jr., Thomas, Hickey & Shepherd, L.L.P., El Dorado, for appellee.

JOHN B. ROBBINS, Judge.

This appeal arises out of a jury trial in which the insured, appellee Rebecca Krouse, prevailed against her automobile insurance company, appellant Southern Farm Bureau Casualty Insurance Company (Farm Bureau), in its counterclaim for a declaratory judgment. Subsequent to the jury verdict in her favor, Krouse moved for attorney fees pursuant to Ark. Code Ann. § 23–79–209, which were granted in the amount of $22,162. It is the attorney-fee award that is the subject of appeal, not the underlying judgment. Farm Bureau contends that the award was in error because (1) only Ark.Code Ann. § 23–79–208 applies, not § 23–79–209, so that no fees could be awarded; (2) if fees were appropriate, the amount of the award demonstrated an abuse of discretion. We affirm.

The material facts are not in dispute. The insured, appellee Krouse, was driving her truck when she was rear-ended by a car. The accident occurred on July 9, 2002, at an intersection in Magnolia, Arkansas. The at-fault driver was college student Zachary Stumon, who was working as a pizza delivery man for Pizza Hut at the time. Stumon was driving a car owned by his roommate, Randy Givens. Krouse incurred substantial medical bills to treat her injuries, substantial property damage and auto rental costs, and some wage loss. Krouse sought to be made whole from Stumon and Givens; they settled with her for $25,000, the limits of American Home Assurance Company insurance coverage for bodily injury on the car owned by Givens.

Krouse contended she was out of pocket a greater sum, so she looked to Farm Bureau to make up the difference through her $50,000–limit under-insured motorist (UIM) provision. Farm Bureau willingly paid for repair of property damage to her truck and auto rental during repairs to the truck. It refused to pay for her medical bills and wage loss because it contended that Krouse failed to abide by certain notice provisions, in her policy and by statute, prior to settling with Stumon and Givens.

Krouse filed suit against Farm Bureau in circuit court in 2004. She sought her $50,000 limit for UIM, her costs, and attorney fees. Farm Bureau answered the complaint, denying all material allegations, and asserting separately a "Counterclaim For Declaratory Judgment." The counterclaim asserted, among other things, that Krouse was not entitled to recover any UIM benefits because she failed to comply with the notice requirements. In response to the counterclaim, Krouse denied that she failed to comply with the notice requirements, and further alleged that Farm Bureau had actual notice of the pending settlement. Krouse also alleged that Farm Bureau was not prejudiced because the tortfeasor (Stumon) had no ability to pay any judgment. In her answer to the

counterclaim, she asked that it be dismissed and that she receive costs and attorney fees.

Krouse amended her complaint in July 2005 to add NPC International, Inc. d/b/a Pizza Hut as a defendant. Givens was dismissed as a party in March 2007. Stumon was dismissed as a party in December 2007. NPC was also dismissed in December 2007 because it was deemed to benefit from Stumon's release with Krouse. American Home Assurance Company remained in the litigation due to allegations of misrepresentations that harmed Krouse. In early May 2009, Krouse voluntarily nonsuited her claim against American Home. This left the only issues to be tried between Krouse and Farm Bureau regarding UIM benefits.

On May 12, 2009, the case was tried, and the jury found in Krouse's favor and awarded her $30,500, representing her medical costs, wage loss, pain, suffering, and mental anguish. Because of the prior settlement, $25,000 was subtracted by the trial judge from the jury's award, leaving a sum of $5,500 as her final net judgment. Krouse petitioned for $200 in costs and $22,162 in attorney fees billed by attorney Floyd Thomas, citing Ark.Code Ann. § 23–79–209. She attached affidavits of several attorneys attesting to the reasonableness of the requested fee, and detailed billing statements were attached. She asserted that the case had a five-year history, her experienced attorney reduced his $275 hourly rate to $200 for this fee request, it was only his and not the other attorney's billed fees that she was requesting, and her attorney excised his time devoted to the other parties later dismissed.

Farm Bureau resisted the request, arguing that she was attempting to use an inapplicable statute; furthermore, if fees were warranted, the amount sought was excessive, and the billed amounts contained numerous errors that inflated the fee. Farm Bureau added that the actual judgment received by Krouse was $5,500, such that the fee award was nearly four times the recovery, and should be limited to a contingency fee of one-third of that amount. Farm Bureau pointed out that Krouse's motion for fees stated that she had a one-third contingency fee contract with her attorneys. Krouse replied that attorney Thomas graciously redacted any fees earned by less-experienced associates, and he cut the firm's whole fee of $48,693 down to his fee only.

The judge rendered an order granting Krouse's request. The judge found that Ark.Code Ann. § 23–79–209 was applicable because Krouse successfully defended against Farm Bureau's suit for declaratory judgment, even if presented as Farm Bureau's counterclaim. The judge recited the factors required to be considered, enumerated in *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). The judge noted the following in his order:

The complex life of this lawsuit, the reasonable reduced fee requested, the insignificance of inaccuracies in the billing statements, the integral nature of the various added parties that were to benefit Farm Bureau, the failure to present evidence of the terms of a contingent-fee contract between Krouse and Thomas, the resolution of the case in her favor in spite of the tendency of this circuit court jury to award conservative amounts, and his considerable discretion.

■ Farm Bureau appeals the fee award to our court. The argument is divided into two basic assertions: (1) that it was error as a matter of law because Ark.Code Ann. § 23–79–209 did not apply; and (2) that this award demonstrated an abuse of discretion. First, we decide whether an attorney fee is permissible on

these facts under section 23–79–209. Farm Bureau contends that the correct statute, if any, would be section 23–79–208 because that statute applies to casualty insurance like this, where an insured files suit to force an insurer to pay benefits. Krouse responds in line with the trial judge's opinion that section 23–79–209, by its plain wording, applies to any declaratory action, even if raised in a counterclaim by Farm Bureau.

The statute reads in relevant part at section (A):

> In all suits in which the judgment or decree of a court is against a life, property, . . . or liability insurance company . . . in a suit for a declaratory judgment under the policy . . . the company shall also be liable to pay the holder of the policy all reasonable attorney's fees for the defense or the prosecution of the suit, as the case may be.

Here, we have a suit containing two causes of action: one for payment of an insurance claim, governed by Ark.Code Ann. § 23–79–208, and one for a declaratory judgment, governed by Ark.Code Ann. § 23–79–209. *See Newcourt Fin., Inc. v. Canal Ins. Co.*, 341 Ark. 181, 15 S.W.3d 328 (2000). The application of one does not necessarily preclude application of the other, if both causes of action are at issue.

■ Declaratory judgment is typically used to determine the obligations of the insurer under a policy of insurance. *See Martin v. Equitable Life Assurance Society*, 344 Ark. 177, 40 S.W.3d 733 (2001). All interested parties must be named in a declaratory-judgment case. Ark.Code Ann. § 16–111–106 (Repl.2006). Farm Bureau asked the trial court to "declare" that no UIM coverage existed under Krouse's automobile insurance policy for notice failures on her part; it sought to determine a right or immunity on its behalf. Krouse prevailed against Farm Bureau's counter-

claim for declaratory judgment attempting to void its obligations to pay UIM. This triggers section 23–79–209 by its plain language. *See Newcourt Fin., Inc. v. Canal Ins. Co., supra.* (award proper under this section in an automobile liability insurance case).

■ When Krouse prevailed on her claim seeking payments under the UIM provision of her automobile liability policy, this implicated section 23–79–208. The application of one statute does not preclude the application of the other in the same lawsuit if there is a claim for payment by an insured *and* a claim for declaratory judgment by the insurer. *See Newcourt Fin., Inc. v. Canal Ins. Co., supra.*

■ We could further examine section 23–79–208's application in this case, as urged by Farm Bureau, but we decline to do so. Krouse did not seek, nor was she awarded, any attorney fees pursuant to section 23–79–208. Any discussion thereon would amount to an advisory opinion, or an answer to an academic question, which we generally do not issue. *See Saunders v. Neuse*, 320 Ark. 547, 898 S.W.2d 43 (1995).

■ To the extent Farm Bureau attempts to assert that casualty insurance does not fall within "liability insurance" as used in section 23–79–209, we disagree. Casualty insurance is part and parcel of liability insurance, and it is required to be offered to the insured as part of its liability insurance. Ark.Code Ann. § 23–89–209. Farm Bureau asserts in its brief that all liability insurance is casualty insurance, but that all casualty insurance is not liability insurance. Arkansas Code Annotation section 23–62–105 broadly defines casualty insurance to include liability insurance unless the context requires otherwise. *Employers Surplus Ins. Co. v. Murphy Oil USA, Inc.*, 338 Ark. 299, 993 S.W.2d 481

(1999). Furthermore, section 23–89–209 specifically addresses policies of insurance issued by a "liability insurance company." It can not be reasonably argued that Farm Bureau is not a liability insurance company, inasmuch as it issued Krouse's automobile liability insurance policy. It is the UIM section of this liability insurance policy that Farm Bureau placed in issue by its counterclaim for a declaratory judgment. To hold that the legislature intended to create an exception for this personal automobile liability policy strains a plain reading of the statute. *See also Newcourt Fin., Inc. v. Canal Ins. Co., supra.*

■ This brings us to the second part of Farm Bureau's argument, in which it contends that the trial judge abused his discretion in awarding $22,162 to Krouse. Pursuant to section 23–79–209, if the insured prevails in a declaratory judgment action with her liability insurer, either defending or prosecuting, she "shall" be awarded reasonable attorney's fees.

■ The standard of review for an attorney-fee award is "abuse of discretion." *See Northwestern Nat'l v. Heslip,* 309 Ark. 319, 832 S.W.2d 463 (1992). There is no fixed formula in determining a reasonable attorney fee. *State Farm Fire & Cas. Co. v. Stockton,* 295 Ark. 560, 750 S.W.2d 945 (1988). Factors to consider in a motion for attorney fees include the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood that this legal work will preclude other legal employment if apparent to the client. *See Chrisco v. Sun Indus., Inc., supra.* Be-

cause of the trial court's intimate acquaintance with the record and the quality of the legal services, we generally recognize the superior perspective of the trial judge in assessing the applicable factors. *See Southall v. Farm Bureau Mut. Ins. Co. of Ark., Inc.,* 283 Ark. 335, 676 S.W.2d 228 (1984).

The trial judge considered all the appropriate factors, and the request was substantiated with billing documents and affidavits of other practicing attorneys. The trial judge weighed the value of services rendered in light of the fee request, which discounted the hourly rate and removed thousands of dollars in fees. The judge found that inaccuracies in the time records would not significantly alter the overall finding of reasonableness.

Farm Bureau specifically contends that the contingency-fee contract should have controlled the fee award. We disagree. Although there existed some kind of contingency-fee contract, that was but one factor to consider overall. *Running M Farms, Inc. v. Farm Bureau Mut. Ins. Co. of Ark.,* 371 Ark. 308, 265 S.W.3d 740 (2007) (holding that trial court properly awarded attorney fees in insurance case based upon consideration of all eight relevant factors, not just the contingency-fee agreement; addressing section 23–79–208). "The purpose of the statute is to permit an insured to obtain the services of a competent attorney and the amount of the allowance should be such that well prepared attorneys will not avoid this class of litigation or fail to devote sufficient time for thorough preparation." *Equitable Life Assurance Society v. Rummell,* 257 Ark. 90, 91–92, 514 S.W.2d 224 (1974) (also addressing section 23–79–208).[9] Moreover, the declaration that coverage existed was not the basis for the monetary judgment. The recovered judgment amount was the result of Krouse's direct action, not Farm

Bureau's declaratory judgment action. Thus, it would be difficult to base a fee award in defending a declaratory judgment action on a contingency-fee contract. In sum, based upon this record, we cannot say that the trial court abused its discretion.

For the foregoing reasons, we affirm the trial court's award of attorney fees for Krouse having prevailed in defending Farm Bureau's declaratory judgment action.

GRUBER and HENRY, JJ., agree.