2011 Ark. App. 467
**John T. PAYNE, II, Appellant**

v.

**Keith DONALDSON d/b/a Donaldson Wrecker Service, Appellee.**

**No. CA 10–1238.**

Court of Appeals of Arkansas.

June 29, 2011.

John Frank Gibson, Jr., Monticello, for appellant.

Clifford Paul Block, Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant John T. Payne, II, brings this third appeal challenging an award of damages and attorney's fees by the Chicot County Circuit Court. The first appeal was dismissed because of a nonappealable order. The second appeal was affirmed in part and reversed and remanded in part for the circuit court to reconsider its award of attorney's fees in light of our reduction of appellee's judgment. Our opinion from the second appeal sets out a detailed factual and procedural history of the case. *Payne v. Donaldson,* 2010 Ark. App. 255, 379 S.W.3d 22.

On remand the circuit court awarded appellee the full amount of attorney's fees requested, $8,922.99, in its order dated July 28, 2010. Appellant filed a motion for new trial on August 5, 2010, and that motion was denied by the circuit court's August 31, 2010 order. Appellant then filed a notice of appeal on September 9,

2010. His sole issue on appeal is that the circuit court abused its discretion in awarding attorney's fees and costs. We affirm.

An award of attorney's fees is reviewed under an abuse-of-discretion standard. *Estate of Coan v. Gaughan*, 2010 Ark. App. 616, 378 S.W.3d 201; *Southern Farm Bureau Cas. Ins. Co. v. Krouse*, 2010 Ark. App. 493, 375 S.W.3d 763. An abuse of discretion occurs when discretion is applied thoughtlessly, without due consideration, or improvidently. *Oldham v. Morgan*, 372 Ark. 159, 271 S.W.3d 507 (2008); *Chiodini v. Lock*, 2010 Ark. App. 340, 374 S.W.3d 835. Factual findings made by the circuit court in awarding attorney's fees are reviewed under a clearly-erroneous standard. *Gaughan, supra.*

In *Krouse, supra*, the court of appeals said "[t]here is no fixed formula in determining a reasonable attorney fee," and listed the factors that must be considered in awarding attorney's fees, as follows:

> Factors to consider in a motion for attorney fees include the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood that this legal work will preclude other legal employment if apparent to the client.

*Id.* at 4, 375 S.W.3d at 768.

Appellant cites *CJ Building Corporation v. TRAC–10*, 368 Ark. 654, 249 S.W.3d 793 (2007), in which our supreme court said that the one with the most points at the end of the contest is the winner and is entitled to recover his costs as the prevailing party. Under that analysis, appellant challenges how appellee can still be considered the prevailing party after this court reversed the circuit court's monetary award of $11,410.15. We note, however, that appellant specifically admits in paragraph one of his response to appellee's renewed motion for attorney's fees and costs following our remand that appellee was the prevailing party in the civil action to recover for labor and services provided in recovering and storing appellant's ATV. We specifically held in *Payne, supra*, that appellee was the prevailing party and that an award of attorney's fees was authorized by statute. We decline to revisit that issue in the instant appeal and reiterate that our previous holdings constitute the law of this case that governed the circuit court following remand and governs this review upon subsequent appeal. *See Turner v. Northwest Ark. Neurosurgery Clinic, P.A.*, 91 Ark. App. 290, 298, 210 S.W.3d 126, 133 (2005).

We turn then to our review of the circuit court's award of attorney's fees. In his response to appellee's first motion for attorney's fees and costs, appellant merely denied every material allegation contained in appellee's motion for fees and costs. This court, in its opinion remanding the case back on the issue of attorney's fees, acknowledged that appellant failed to object to the reasonableness of the fees requested by appellee. Appellant argues that this should not be interpreted to mean that appellant had waived his right to object to the reasonableness of the fees or that reasonableness of the fees was no longer an issue. Appellant reiterates that the controlling statute requires the fees awarded to be reasonable and notes that, on remand and in response to appellee's amended motion for attorney's fees, he clarified his response and specifically objected to the necessity and reasonableness of the attorney's fees and costs sought by

appellee. He claims that, on remand, the circuit court is still required to exercise discretion and consider the factors listed in *Krouse, supra,* in awarding a reasonable attorney's fee, and that failure to do so constitutes an abuse of discretion.

Appellant claims that in spite of the excessive time delay, the complexity of the case, and his request for a hearing, the circuit court proceeded to summarily and arbitrarily, without considering any evidence or other matters to be considered in awarding an attorney's fee in this case, other than an estimate and a request for the amount thereof, make a finding that because appellee was the prevailing party, he should be awarded the full amount requested. Appellant submits that the circuit court's order awarding attorney's fees and costs made no findings of fact sufficient to support the award. He maintains that, along with the factors to be considered, the circuit court should have considered the fact that this litigation, including appellee's counterclaim for damages, was necessitated by appellee's failure to communicate with appellant or his agent, or to give the required statutory notice, regarding towing and storage charges. He urges that the circuit court's refusal to do so amounts to an abuse of discretion.

We hold that appellant has failed to carry his burden to show that the circuit court abused its discretion in its award of attorney's fees. In response to appellee's renewed motion for fees following remand, appellant adopted, re-alleged, and renewed his objection to fees that he had filed prior to remand, continuing his failure to object to the amount of fees. Appellee maintains that the law of the case acknowledges that he failed to object the first time, and renewing and re-alleging the same failure to object necessarily has the same result.

The record before us indicates that appellant alleged before the circuit court in his own motion for fees that the time spent by his counsel equaled or exceeded that of appellee's counsel, and appellee urges that the circuit court could easily construe this as admittance that the time expended by appellee's counsel was reasonable. Instead of specifically challenging the amount of fees, appellant largely focused his efforts on alleging that he was a prevailing party.

We disagree with appellant's contention that the circuit court "proceeded summarily and arbitrarily to award appellee the full amount of his estimate without considering any evidence or supporting documentation whatsoever." The record reflects that appellee initially submitted an affidavit in support of his motion for fees and costs and, following remand, appellee likewise submitted an affidavit in support of his renewed motion for fees and costs.

We hold that the circuit court did not abuse its discretion in its award of attorney's fees. The circuit court indicated in its July 28, 2010 order that it applied the factors set forth in *Chrisco v. Sun Industries,* 304 Ark. 227, 800 S.W.2d 717 (1990), and this court recently stated in *Gillison v. Gillison,* 2011 Ark. App. 244, 382 S.W.3d 795, that the circuit court may use its own experience as a guide and can consider the types of factors set forth in *Chrisco.* But we also stated that the circuit court need not conduct an exhaustive hearing on the amount of attorney's fees because it has presided over the proceedings and gained familiarity with the case and the services rendered by the attorney. *Gillison, supra.* The circuit court in this case was intimately acquainted with the pleadings, the motions and accompanying briefs, the evidentiary hearing, the hearing on appellee's counterclaim, and all matters related to this litigation. We hold that appellant has failed to show that the circuit

court abused its discretion in its award of attorney's fees to appellee.

Affirmed.

ABRAMSON, MARTIN, and BROWN, JJ., agree.

HART and ROBBINS, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting.

The issue of attorney fees should have been dismissed the last time Mr. Payne had to bring his case to the court of appeals. *See Payne v. Donaldson,* 2010 Ark. App. 255, 379 S.W.3d 22 (Hereinafter *Payne II* ).[1] However even considering the manifestly unsound holding in *Payne II,*[2] an award of attorney fees is not justified. In affirming, the majority has made significant errors of law and fact. considering the manifestly unsound holding in *Payne II,* an award of attorney fees is not justified. In affirming, the majority has made significant errors of law and fact.

It is important to understand the underlying facts in this case. John T. Payne II had a four-wheeler stolen from John Gibson's residence in July 2006, where it was being kept for Payne, an Alabama resident, who used it on hunting trips. On July 19, 2006, Arkansas State Police found the ATV, and the Dermott Police had Donaldson Wrecker Service take it to Donaldson's place of business. That same day, Dermott Police Officer Marvin Esters told Gibson that they found the ATV and told him to see if it was his. Gibson reported the ATV as stolen, and went to Donaldson's and identified it as the one stolen from his property. Donaldson refused to release the ATV, insisting on dealing with the owner, not the bailee.

---

1. *Payne I* was a case dismissed for lack of a final order.

2. Under Rule 54(e) of the Arkansas Rules of Civil Procedure, Donaldson was obligated to state the statute that authorized the attorney-fee award. Donaldson asserted that Arkansas Code Annotated section 16–22–308 authorized an award of attorney fees. The plain wording of the statute indicates that it does not. However, in construing section 16–22–308, the court of appeals determined that this statute permitted the award of attorney fees by conducting the following analysis:

> Section 16–22–308 provides that
> [*i* ]*n any civil action* to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or *for labor or services,* or breach of contract, unless otherwise provided by law **or the contract which is the subject matter of the action,** the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.
> (Emphasis added.)

. . . .

Appellee questions appellant's reliance on *Westside [Galvanizing Services, Inc. v. Georgia–Pacific Corp.,* 921 F.2d 735 (8th Cir.

1990) ], *supra,* and maintains that it is not on point because it was an action to enforce a materialman's lien and claims of unjust enrichment and detrimental reliance instead of an action for the recovery for "labor and services" provided. Here appellee rendered labor and services in recovering and storing the ATV, and appellee was the prevailing party in a civil action to recover for the labor and services provided. We hold that an award of attorney's fees was authorized by the statute.

The court of appeals erred in its construction of the statute because it lifted language that is italicized above (as it is in the opinion) and treated it as if it were independent provisions. Somehow the majority missed the clause that is designated in bold font. To recover attorney fees pursuant to section 16–22–308, there must be a contract, or at least a quasi-contract. In this case, the court of appeals expressly found—quite correctly—elsewhere in the opinion that Payne had no contract with Donaldson. Accordingly, because attorney fees were not authorized under the statute that Donaldson cited, it was error for the trial court to award any fees. *Harris v. City of Fort Smith,* 366 Ark. 277, 234 S.W.3d 875 (2006).

Gibson had Payne contact Esters, and as instructed, faxed a bill of sale to Esters. Eventually, Payne contacted Donaldson directly. Donaldson then brought up storage fees. By letter dated September 14, 2006, Donaldson informed Payne that he was claiming $250 for |₈towing and $25 per-day storage pursuant to Arkansas Code Annotated section 27–50–1208. Eventually, Payne filed a motion in Chicot County Circuit Court pursuant to Rule 15 of the Arkansas Rules of Criminal Procedure to get his ATV released. In a summary judgment, the trial court ordered the release of Payne's ATV, conditioned on the payment of towing and storage fees. Payne tendered $325 ($250 towing and three days' storage). Donaldson kept that money, but demanded more. After a hearing on August 8, 2007, the trial court ruled on the pleadings and entered an order on August 29, 2007. It awarded Donaldson a judgment for $10,636.25, plus $27.57 per day until appellant claimed the ATV or it was disposed of at sale.

Payne appealed, but the appeal was dismissed for lack of a final order because the number of days of storage was not reduced to a certain number. Meanwhile, on October 16, 2007, Donaldson sold the ATV, as provided for by Arkansas Code Annotated section 18–45–203. Donaldson was the highest bidder at $500. Under Arkansas Code Annotated section 18–45–204, Donaldson was prohibited from bidding less than the debt.

After the appeal was dismissed, the trial court entered a final order, styled, *"FINAL ORDER,"* that gave Donaldson $11,410.15 plus postjudgment interest and awarded Donaldson $10,156.04 in attorney fees. Again Payne appealed to the court of appeals. On the merits, the court of appeals held that Donaldson had failed to perfect a lien under Arkansas Code Annotated section 27–50–1208, and the liens

under sections 18–45–201 and 18–48–402 were satisfied upon the receipt of the $500 generated from the sale of the ATV. It therefore reversed and dismissed the trial court's monetary award of $11,410.15 pursuant to section 27–50–1204.

In that appeal, Payne also challenged the award of attorney fees. The court of appeals rejected Payne's argument that fees were not recoverable under |₉Ark.Code Ann. section 16–22–308, the authority cited by Donaldson in his fee petition. It nonetheless remanded the attorney-fee question to the trial court to reconsider in light of the fact that the court of appeals had disallowed the entire monetary judgment of $11,410.15.

On remand, Donaldson attributed $1,233.75 in fees to the work to secure his $11,410.15 monetary judgment, which had been struck down by the court of appeals in *Payne II.* The trial court awarded Donaldson the $8922.29 that he requested. Payne again appealed.

Although this point is somewhat obscured by the majority opinion, at the trial court and again on appeal, Payne has challenged only the number of days of storage. He never attempted to avoid paying for the recovery of his ATV, or storage of it until he claimed it. In fact, Payne tendered the towing fee plus three days' storage before this case was ever litigated. Accordingly, the only controversy in this case involved the $11,410.15 in storage fees that were engendered by Donaldson's refusal to release Payne's ATV after Payne's bailee, John Gibson, and Payne personally, had attempted to claim it.

The brief recital of the procedural history of this case is important. It shows that the majority's contention that "appellant specifically admits in paragraph one of his Response to appellee's renewed motion for attorney's fees and costs following our remand that appellee was the prevailing par-

ty in the civil action to recover for labor and services provided in recovering and storing appellant's ATV," is not well grounded in fact or law. While it is true that Payne does make such a statement, his statement specifically refers to Donaldson prevailing in the May 30, 2007 summary judgment.[3] In that order, Donaldson "prevailed" in as much as the trial court declared his entitlement to towing and storage fees. As noted previously, Payne never disputed Donaldson's entitlement to towing and storage—the only issue was how much Donaldson's storage fees would be. As I noted in the procedural history of this case, almost all of the legal work done by Donaldson's attorney took place after the May 30, 2007 summary judgment order was entered. All of that legal work done after that date was for naught because the court of appeals correctly noted that Donaldson failed to perfect his lien and the monetary judgment was struck down.

Likewise, it is troubling that the majority suggests that Payne is somehow barred from prevailing on appeal because he did not challenge the "reasonableness" of the attorney fees. This assertion is simply not true. In paragraph 4 of Payne's response to Donaldson's renewed fee petition, which I have quoted verbatim in footnote 3, Payne unequivocally challenges the "reasonableness" of the attorney fee award. It is of no moment that Payne did not contest the amount of time Donaldson's attorney worked on this case or the hourly fee he charged.

Finally, law-of-the-case does not constitute a valid rationale for affirming this case. In the first place, *Payne II* did not address the issue, much less hold that Donaldson was the "prevailing party" in all aspects of this case, or even that he was the overall prevailing party. Such a holding would be inconsistent with remanding the case. Secondly, it is not logical to

---

**3.** I quote in full Payne's response to Donaldson's renewed fee petition:

> 1. Petitioner admits that Keith Donaldson was the prevailing party in a civil action for labor and services provided in recovering and storing an ATV (See order dated the 25th day of May, 2007) and the Arkansas Court of Appeals has reversed and remanded the issue of attorney's fees for reconsideration of an award consistent with its opinion dated March 17, 2010. *Payne v. Donaldson*, 2010 Ark. App. 225 [255, 379 S.W.3d 22].
>
> 2. This Court's order awarding summary judgment to Donaldson, dated the 25th day of May, 2007, found Payne to be the rightful owner of the ATV but that Donaldson had a possessory lien on the ATV and ordered it to be delivered to Payne upon payment of the necessary expenses incurred for towing and preservation thereof. Payne thereafter tendered $350.00, representing a $250.00 towing fee and three days storage; however, Donaldson refused to return the vehicle and filed suit for a monetary judgment for his labor and services. Petitioner/Counter–Defendant, Payne responded and prayed for attorney's fees. As a result of the Court of Appeals' opinion in *Payne v. Donaldson*, *supra*, Payne is the prevailing party in Donaldson's action for monetary judgment, thus Payne is entitled to his attorney's fees.
>
> 3. That the time spent by the undersigned attorney in the representation of the Petitioner, John T. Payne, II, in this case equals or exceeds that of Donaldson's attorneys.
>
> 4. Petitioner adopts and renews his general denial of the material allegations of fact contained in Keith Donaldson's motions for attorney's fees and costs, as set forth and contained in paragraph I of his response to Donaldson's original Motion for Award of Attorney's Fees and Costs, as though set out herein, word for word. Specifically, Payne re-alleges and renews his objection to the necessity and reasonableness of the attorney's fees and costs sought to be recovered by Donaldson.
>
> Wherefore, John T. Payne, II, requests a hearing that Keith Donaldson's motions for attorney's fees be denied, and that Petitioner, John T. Payne, II, be awarded a reasonable attorney's fee and court costs incurred in this action.

suggest that striking down an $11,410.15 monetary judgment leaves the parties in the exact same posture as it did before the court of appeals ruled.

Because there is no valid procedural bar, this court has erred in not considering Payne's argument on the merits. The argument that Payne makes on appeal is that the trial court abused its discretion in awarding attorney fees. Citing *CJ Building Corp. v. TRAC–10*, 368 Ark. 654, 249 S.W.3d 793 (2007), he contends that in light of the court of appeals decision striking down Donaldson's monetary judgment, he, and not Donaldson was the prevailing party. Payne notes that he never disputed that Donaldson was entitled to some storage fees and towing charges. The issue was merely how much. Donaldson contended that he was entitled to $11,410.15 over and above what he realized from Payne's $325 voluntary payment and the $500 he received (from himself) at the auction of the ATV. I believe Payne is correct.

The plain wording of section 16–22–308 states that only the "prevailing party may be allowed attorney fees." This case was, at all times, about Donaldson's wrongful effort to extract additional storage fees from Payne. Donaldson claimed $11,410.15 in storage fees over and above what he realized from the auction of the ATV—the auction of the ATV was a self-help remedy. Payne prevailed, albeit by having to appeal this case to the court of appeals. While Donaldson's attorney may have spent a significant amount of time on this case, ultimately, he accomplished little for his client. Donaldson opposed releasing the ATV, but after filing a motion, Payne obtained an order directing the release of the ATV. Accordingly, Payne prevailed. While the order made the release contingent upon the payment of towing and storage charges, it is difficult to say

that Donaldson truly prevailed on this point because Payne never disagreed that Donaldson was entitled to compensation for towing his ATV and storing it for a period of time—the issue was always the number of days storage that Donaldson could legitimately charge. When the trial court reduced the amount of fees to a sum certain, $11,410.15, it was struck down by the court of appeals. It is true that Donaldson incurred some attorney fees while Donaldson opposed releasing the ATV and in failing to properly perfect a lien, as well as filing an appellee's brief in *Payne I* and *Payne II*. However, Payne prevailed on these causes. This case should be reversed and dismissed.

JOHN B. ROBBINS, Judge, dissenting.

I dissent from the majority's affirmance of this attorney-fee award. The $8,922.99 attorney fee awarded to appellee by the trial court is grossly disproportionate to the $500 that appellee recovered in this action. I cannot ignore the affidavit filed by appellee's attorney in support of the renewed fee request reflecting $1,233.75 in fees related to the counterclaim upon which appellee actually prevailed.

I do not believe that a mere recital by the trial court that the *Chrisco* factors were considered permits a meaningful review by our court. I would remand to the trial court for it to set forth its factual findings and analysis that would explain this award, with attention to "the time and labor required to perform the legal service properly" and "the amount involved in the case and the results obtained." *Harrill & Sutter, PLLC v. Kosin*, 2011 Ark. 51, 378 S.W.3d 135; *Stout v. Stout*, 2011 Ark. App. 201, 378 S.W.3d 844; *Scott v. Prendergast*, 90 Ark. App. 66, 204 S.W.3d 110 (2005).